UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

YODANIA M. DIFO,

    Plaintiff,

v.

ROCKET FINANCIAL SERVICES, LLC,

    Defendant.
_____/

Case No. 5:23-cv-00211

**<u>JURY TRIAL DEMANDED</u>**

## COMPLAINT

The Plaintiff YODANIA M. DIFO ("Plaintiff") by and through the undersigned, complains as to the conduct of ROCKET FINANCIAL SERVICES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* and the Florida Credit Service Organizations Act ("FCSOA") under Fla. Stat. § 817.7001 *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1679, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business within the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Oxford, Florida, which lies within the Middle District of Florida.

5. Defendant is a credit repair organization that offers credit repair services to consumers, including consumers in the state of Florida. Defendant is a limited liability company organized under the laws of the state of Texas with its principal place of business located at 5301 Alpha Road, Suite 80, Dallas, Texas 75240.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In approximately April of 2022, Plaintiff was looking into improving her credit and having certain negative items removed, and began looking into various credit repair companies for assistance.

8. Plaintiff subsequently happened upon Defendant.

9. Defendant represented that it offered credit repair services where it would go about disputing and seeking to remove information from Plaintiff's credit file, so as to improve her credit rating.

10. Plaintiff explained the debts she wanted addressed, and Defendant assured Claimant that the referenced and enrolled debts would be removed from her credit report and that Plaintiff's credit report would improve through its services.

11. Defendant advised that its services would take 8 months, and that Plaintiff would begin seeing improvements shortly after starting to use Defendant's services.

12. Defendant further assured Plaintiff as to the efficacy and value of the services that could be provided.

13. Plaintiff, wanting the information removed from her credit report, agreed to use Defendant's services.

14. Plaintiff subsequently began making monthly payments to Defendant of approximately $128 per month.

15. Upon information and belief, at least some of these charges were assessed by Defendant on an upfront basis prior to Defendant completely performing any of the services it agreed to perform for Plaintiff.

16. In addition to these monthly payments being made directly to Defendant, Plaintiff was further informed that she had to sign up for additional services, including a service offered by Smart Credit, that simply allowed Plaintiff access to her credit report, for an additional $30 per month.

17. Plaintiff maintained her monthly payment to Defendant for approximately 6 months.

18. Despite making her monthly payments and Defendant purporting to provide services to Plaintiff, Defendant was unable to deliver the full extent of results and services it promised and represented would be provided prior to Plaintiff agreeing to use Defendant's services.

19. Defendant failed to get the information removed from Plaintiff's credit report in the manner it represented such information would be removed.

20. Upon information and belief, Defendant represented that all of the negative items would be removed from Plaintiff's credit report, regardless of whether that information was inaccurate or properly subject to removal.

21. Furthermore, despite Defendant's representations that Plaintiff's credit score would increase after a few months of payments, Plaintiff's credit score decreased as a result of using Defendant's services.

22. In connection with the dispute letters Defendant sent to the credit reporting agencies in connection with Plaintiff's credit reports, Defendant made numerous statements which were untrue and misleading, or which should have been known to have been untrue or misleading, regarding the accounts which Defendant was seeking to dispute on Plaintiff's behalf.

23. After making hundreds of dollars in payments and seeing no results, Plaintiff attempted to cancel her agreement with Defendant.

24. However, Defendant obfuscated Plaintiff's ability to cancel her agreement and cease making monthly payments, as Defendant deceptively and misleadingly prevented Plaintiff from cancelling her services.

25. Despite Plaintiff eventually being able to cancel her agreement with Defendant, Defendant retained Plaintiff's payments for services it ultimately failed to completely perform for Plaintiff.

26. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish,

pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

## COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

30. Defendants are "credit repair organization[s]" as defined by §1679a(3) of the CROA, as they are persons who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

### a. Violations of CROA § 1679b(a)(1)

31. The CROA, pursuant to 15 U.S.C. § 1679b(a)(1), prohibits any person from "mak[ing] any statement . . . which is untrue or misleading (or which, upon the exercise of reasonable care, should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading) with respect to

6

any consumer's credit worthiness . . ., credit standing, or credit capacity to – (A) any consumer reporting agency . . .; or (B) any person – (i) who has extended credit to the consumer; or (ii) to whom the consumer has applied or is applying for an extension of credit."

32. Defendant violated § 1679b(a)(1) by making false and misleading statements to the credit reporting agencies regarding Plaintiff. Upon information and belief, Defendant misrepresented that there were inaccuracies in the challenged accounts or that the challenged accounts were properly subject to removal, despite that not being truthful.

b. **Violations of CROA § 1679b(a)(3)-(4)**

33. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

34. Defendant violated the CROA through the fraudulent, deceptive, and misleading representations regarding the services that were being offered and subsequently performed. Defendant represented that it would be able to remove all

of Plaintiff's enrolled debts and that her credit report would be repaired. However, Defendant was unable to deliver the full results it represented would be provided through its provision of services.

35. Defendant further violated the above provisions of the CROA through its fraudulent and deceptive conduct in representing to Plaintiff that negative items would be removed from her credit regardless of whether those items were inaccurate or properly subject to removal. Defendant represented that negative items would be removed, and did not care whether those challenged items were inaccurate or properly subject to removal. Unsurprisingly, Defendant's disputes were ineffective and unable to get certain information removed from Plaintiff's credit report. Defendant's conduct is part of its overarching scheme designed to over-promise the results that can be delivered and the information that can be removed from consumers' credit so as to convince consumers to pay hundreds of dollars for deficient credit repair services.

36. Defendant further violated the above provisions of the CROA through its fraudulent representations regarding the timeframe through which results would be delivered and the impact its services would have on Plaintiff's credit. Defendant represented that Plaintiff's credit would improve shortly after signing up with Defendant, and that all of the information Plaintiff wanted to have removed would be completed within 8 months. However, Defendant failed to deliver these results,

as Plaintiff's credit score never improved, and actually went down as a result of using Defendant's services.

  c. **Violation of CROA § 1679b(b)**

37. The CROA, pursuant to 15 U.S.C. § 1679b(b), states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

38. Defendant violated § 1679b(b) through the nature of its billing practices. Upon information and belief, Defendant's fees were assessed on an upfront basis prior to Defendant performing any work for Plaintiff. Defendant further withheld Plaintiff's payments following her cancellation with Defendant notwithstanding Defendant's failure to fully complete the services it agreed to perform for Plaintiff.

  d. **Violation of CROA § 1679c**

39. The CROA provides that a credit repair organization must provide consumers with certain written disclosures before entering into a contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

40. Defendant violated 15 U.S.C. §§ 1679c(a)-(b) through its failure to provide the disclosures required by the CROA to Plaintiff prior to contracting with Plaintiff. Defendant never provided these disclosures, and certainly did not do so prior to purportedly providing services to Plaintiff.

    e.  **Violation of CROA §§ 1679d & 1679e**

41. The CROA, pursuant to 15 U.S.C. § 1679d, outlines a number of requirements for the contracts between consumers and credit repair organizations, Under § 1679e, a CRO must provide a consumer a separate notice of a consumer's cancellation right.

42. Defendant violated 15 U.S.C. §§ 1679d & 1679e through their failure to provide the disclosures and information required under the CROA. Any agreement between the parties failed to provide the full extent of information required to be provided and disclosed under the CROA.

WHEREFORE, Plaintiff, YODANIA M. DIFO, respectfully requests that the Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

    c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

   d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

   e.  Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CREDIT SERVICE ORGANIZATIONS ACT

43. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

44. Plaintiff is a "buyer" as defined by Fla. Stat. § 817.7001(1).

45. Defendant is a "credit service organization" as defined by Fla. Stat. § 817.7001(2)(a).

   **a. Violation of FCSOA § 817.7005**

46. The FCSOA, pursuant to Fla. Stat. § 817.7005, provides a list of prohibited conduct for credit services organizations.

47. Pursuant to Fla. Stat. § 817.7005(1), a credit service organization must not charge or receive any money or other consideration prior to full and complete performance of its services, unless it has maintained a surety bond with the state, in which case the sums paid must be retained until full performance of the services are rendered.

48. Defendant violated Fla. Stat. § 817.7005(a) through its charging Plaintiff prior to full and complete performance of their services.

49. Pursuant to Fla. Stat. § 817.7005(3), a credit service organization cannot "[m]ake, or counsel or advise any buyer to make, any statement that is false or misleading or that should be known by the exercise of reasonable care to be false or misleading, or omit any material fact to a consumer reporting agency or to any person who has extended credit to a buyer or to whom a buyer is applying for an extension of credit with respect to a buyer's credit worthiness, credit standing, or credit capacity."

50. Defendant violated Fla. Stat. § 817.7005(3) through the false, deceptive, and misleading statements it made to the credit reporting agencies regarding the accounts which Plaintiff enrolled in Defendant's program.

51. Pursuant to Fla. Stat. § 817.7005(4), a credit service organization cannot "[m]ake or use any false or misleading representations or omit any material fact in the offer or sale of the services of a credit service organization or engage, directly or indirectly, in any act, practice, or course of business that operates or would operate as fraud or deception upon any person in connection with the offer or sale of the services of a credit service organization, notwithstanding the absence of reliance by the buyer."

52. Defendant violated § 817.7005(4) through the fraudulent, deceptive, and misleading representations regarding the services that were being offered and subsequently performed, as discussed *supra.* under 15 U.S.C. §§ 1679b(a)(3)-(4)

### b. Violation of FCSOA §§ 817.702-817.704

53. The FCSOA, pursuant to Fla. Stat. §§ 817.702-704, outlines various requirements for disclosures that credit services organizations must provide to buyers before entering contracts, informational statements that must be provided, as well as requirements for the provisions of the contract themselves.

54. Defendant violated these provisions of the FCSOA through their failure to provide the disclosures, informational statements, or otherwise include the entirety of the information required, in the manner required, by the FCSOA.

WHEREFORE, Plaintiff, YODANIA M. DIFO, respectfully requests that the Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Fla. Stat. § 817.706(1);

c. Awarding Plaintiff punitive damages pursuant to Fla. Stat. § 817.706(1);

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Fla. Stat. § 817.706(1); and,

e. Awarding any other relief as the Honorable Court deems just and appropriate.

Dated: March 30, 2023                                   Respectfully Submitted,

/s/ Franklin A. Jara
Franklin A. Jara, Esq.
Florida Bar No. 636681

                                            Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone :(312) 313-1613
Fax: (630) 575-8188
fjara@sulaimanlaw.com